Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10195 | **DATE** | 4/16/2013 |
| **CASE TITLE** | Officer v. Duran, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion [12] to transfer is denied. Defendants' motion [21] for stay pending ruling on motion to transfer is denied as moot. Motion hearing set for 5/14/2013 is stricken. Defendants shall answer or otherwise plead by May 7, 2013.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Plaintiff Ari Officer ("Officer") brought suit against defendants John Duran ("Duran"), Strategic Hwy Holdings, LLC, and All Roads Entertainment, LLC. In his complaint, Officer asserts claims for violations of the federal securities laws, common-law fraud and enforcement of a note. Defendants have filed a motion asking the Court to transfer this case to the Northern District of California.

　　　A district court has the discretion "[f]or the convenience of parties and witnesses, in the interest of justice, [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court considers three factors in determining whether to transfer the case: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice. *Id*. It is within the sole discretion of the judge to determine the weight accorded to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Generally, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re: Nat'l Presto Ind.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

　　　First, the Court will assume, without deciding, that venue is proper in both districts. The parties agree that venue is proper here, but they disagree as to whether venue would be proper in the Northern District of California. The Court need not resolve the dispute.

　　　Second, the convenience of the parties and witnesses favors neither transfer nor retention of the case. In this case, the plaintiff will be inconvenienced if the case is transferred, and defendants will be inconvenienced if it is not. Plaintiff, his documents and several of his witnesses are located in this district. Defendants, their documents and one of their witnesses are in San Francisco. Thus, this factor is neutral.

| STATEMENT |
|---|

Third, the interests of justice favor retaining the case. The case is likely to proceed more quickly here.

Defendants also argue that the Note signed by Officer and Duran (on behalf of Strategic Hwy Holdings, LLC) contains a forum-selection clause that requires the case to be heard in the Northern District of California. The Court rejects this argument. The Note states, "The **Company** irrevocably submits to the jurisdiction of any . . . Federal Court sitting in the State of California" and that "[t]he **Company** irrevocably waives . . . any objection . . . to . . . venue" in that court. (Note at 8) (emphasis added). In the Note, the "Company" is Strategic Hwy Holdings, LLC, not Officer. Thus, the Note's language prevents defendant Strategic Hwy Holdings, LLC from objecting to venue in California. The language does not, however, control plaintiff Officer's choice of venue. Nowhere in the Note does Officer submit to the jurisdiction of the Northern District of California or waive his right to object to venue there.

In short, the balance does not strongly favor transfer, so the plaintiff's choice of forum will not be disturbed. The Court denies defendant's motion to transfer.