**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARI OFFICER, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DURAN, et al., <br><br> Defendants. | No. 12 C 10195 <br><br> Magistrate Judge Mary M. Rowland |

## REPORT AND RECOMMENDATION

On November 18, 2013, Plaintiff filed a Supplemental Motion for Sanctions Against Defendants for Failure to Comply with Discovery Orders. On November 26, 2013, the motion was granted but stayed until December 6, 2013, giving Defendants a final opportunity to answer interrogatories and produce documents first requested in June 2013. At a telephonic hearing on December 9, 2013, Plaintiff reported that Defendants again failed to provide responsive answers to the interrogatories and produced only a single document. For the reasons set forth below, the Court recommends that Defendants be sanctioned for failing to comply with Court orders.

### I. BACKGROUND

Plaintiff alleges that defendants made material misrepresentations upon which he relied to invest and loan the corporate defendants money. On June 18, 2013, Plaintiff served Defendants with Interrogatories and a Request for Production of

Documents, both of which largely focused on Defendants' ownership of shares of a third-party, Guerilla Union, Inc., and what Defendants told Plaintiff and others regarding ownership of such shares. (Dkt. 38 at ¶ 5 & Exs.). Plaintiff's First Set of Interrogatories consists of only four straightforward interrogatories. (*Id.*). On August 20, 2013, after Defendants had failed to respond, Plaintiff filed a Motion to Compel. (Dkt. 38). Defendants responded that they were hopeful the case would settle, and the illness of the individual defendant's daughter slowed down production of documents. The Court ordered Defendants to respond to the Interrogatories by September 10, 2013.[1] (Dkt. 40). On September 19, 2013, after hearing further argument on the Motion, the Court granted the Motion in whole, ordering Defendants to respond to the outstanding Interrogatories and Document Requests by October 4, 2013. (Dkt. 42).

On October 22, 2013, after Defendants still had not responded to the discovery requests, Plaintiff filed a Motion for Sanctions. (Dkt. 43). Defendants responded that they were hopeful a third party might provide the funds to settle the case. On October 31, 2013, the Court granted the motion in part, giving Defendants *another* opportunity to fully respond to the outstanding discovery. (*Id.* at 2). The Court warned Defendants that their failure to provide complete answers to Plaintiff's First Interrogatories by November 4, 2013 would result in the Court imposing the following sanction pursuant to its Rule 37 authority:

---

[1] This date was set so that the parties would be prepared for the pretrial conference conducted by the District Court on September 10, 2013. (Dkt. 41).

> The following factual allegations in the Complaint are deemed established for purposes of this action: (1) none of the Defendants has ever owned shares of Guerilla Union, Inc. stock; and (2) any statements made by Defendants to Plaintiff that Defendants did own such stock were false when made.

(*Id.*). The Court also warned Defendants that any failure to timely respond to the Request for Production of Documents or to produce responsive documents could result in additional sanctions being assessed. (*Id.*).

On November 19, 2013, Plaintiff filed a Supplemental Motion for Sanctions Against Defendants for Failure to Comply with Discovery Orders. (Dkt. 48). In his Motion, Plaintiff requested sanctions for Defendants' continuing failure to comply with the Court's orders directing them to answer Plaintiff's discovery. (*Id.*). On November 26, 2013, the Court granted the motion but stayed it until December 6, 2013, giving Defendants a *final* opportunity to answer interrogatories and produce documents first requested in June 2013. (Dkt. 50). The Court warned Defendants that any "[f]ailure to fully respond, without objection, shall result in entry of an order as described in the Court's 10/31/13 Order." (*Id.*). On December 9, 2013, Plaintiff reported that he had received unsigned, draft responses to the four interrogatories, answers that "gave no particular information" and "make no sense." In terms of document production, Plaintiff reported that Defendants provided a single document to establish Defendants' stock ownership and that the document was prepared by Defendants in August 2011 despite the fact that Defendants assert they acquired stock ownership in October 2009. Such discovery responses do not constitute compliance with the previous court orders.

## II. DISCUSSION

As an initial matter, although not raised by the parties, because the Plaintiff seeks sanctions, it is considered a dispositive matter. In *Ret. Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868–69 (7th Cir. 1996), a case requesting Rule 11 sanctions against an attorney, the Seventh Circuit was unequivocal: the "resolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or §636(b)(3), where the district judge must review the magistrate judge's report and recommendations *de novo.*" *See also Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *1 (N.D. Ill. July 2, 2002) (In a case involving discovery sanctions, "[a]lthough the Seventh Circuit has not addressed the standard of review on a Rule 37 sanctions motion, *Retired Chicago Police Ass'n*'s analysis is controlling."); *Cleversafe, Inc. v. Amplidata, Inc.*, No 11 C 4890, 2012 WL 5989294, at *7 (N.D. Ill. Nov. 29, 2012) (same). Accordingly, in ruling on the sanctions request, this Court is required to issue a Report and Recommendation to District Judge Marovich pursuant to Rule 72(b).

The Federal Rules grant the district court with discretionary authority to impose appropriate sanctions for violations of discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *see e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) ("[D]istrict courts have wide latitude in fashioning appropriate sanctions.") (citation omitted). The Supreme Court has explicitly stated that sanctions may be appropriate where the noncomplying party acted either with wilfulness, bad faith, or fault.

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (per curiam).

"Rule 37(b) sanctions provide the district court with an effective means of ensuring that litigants will timely comply with discovery orders." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir. 1996). Thus, district courts have wide discretion to sanction parties when discovery orders are disobeyed. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Further, "the district court has primary responsibility for selecting an appropriate sanction, and [the Seventh Circuit] will not reverse the district court's selection absent a clear abuse of discretion." *Melendez*, 79 F.3d at 671 (citation omitted). The possible sanctions for failure to comply with a discovery order are listed in Rule 37 and include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i); *see* Fed. R. Civ. P. 37(d) (authorizing any of the sanctions listed in Rule 37(b)(2)(A)(i)–(vii) for failure to answer interrogatories).

Here, Defendants have repeatedly violated Court orders. The Court ordered Defendants to respond to the discovery requests on August 28, September 19, October 31, November 26, and December 3, 2013. (Dkt. 40, 42, 47, 50, 51). Defendants have ignored these orders and failed to comply with their discovery obligations.

While the Court is not unsympathetic to the stresses of an ill child, the Court has seen no evidence that Defendants have attempted to comply with the Court's orders. The Court has specifically warned Defendants that their continuing failure

to respond to the discovery requests will result in sanctions being imposed. On October 31, 2013, the Court warned Defendants that their failure to provide complete answers to Plaintiff's First Interrogatories by November 4, 2013 would result in the Court imposing the following sanction pursuant to its Rule 37 authority:

> The following factual allegations in the Complaint are deemed established for purposes of this action: (1) none of the Defendants has ever owned shares of Guerilla Union, Inc. stock; and (2) any statements made by Defendants to Plaintiff that Defendants did own such stock were false when made.

(Dkt. 43 at 2). The Court also warned Defendants that any failure to timely respond to the Request for Production of Documents or to produce responsive documents could result in additional sanctions being assessed. (*Id.*). On November 26, 2013, the Court gave Defendants a final opportunity to respond to discovery, warning them that if they failed to respond by December 6, 2013, the Court would issue the sanction described in its October 31, 2013 Order. (Dkt. 50).

Defendants' failure to respond to discovery and comply with Court orders demonstrates bad faith and fault. Even if Defendants' disregard of Court orders does not evince willful or intentional behavior, it certainly demonstrates a reckless disregard of their obligations to comply with Court orders. *See Marrocco v. Gen'l Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) ("'Bad faith,' . . . is characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order."). Moreover, Defendants' repeated failures to meet deadlines and comply adequately with discovery requests—despite numerous warnings by the Court—demonstrate objectively unreasonable behavior. *See id.* ("'Fault,'

by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.").

The Court is left with no choice but to recommend sanctioning Defendants for their repeated violations of Court orders. The discovery requests largely focused on Defendants' ownership of Guerilla Union, Inc. shares and what Defendants told Plaintiff and others regarding ownership of such shares. Thus, the Court recommends that deeming certain facts regarding the Guerilla Union shares as established for purposes of this action is an appropriate sanction. Moreover, the Court recommends that no lesser sanction would be effective at addressing Defendants' flagrant and continuing disregard of their discovery obligations and Court orders.

### III. CONCLUSION

For the reasons stated above, the Court recommends that that Defendants be sanctioned by entry of an order that provides:

> The following factual allegations in the Complaint are deemed established for purposes of this action: (1) none of the Defendants has ever owned shares of Guerilla Union, Inc. stock; and (2) any statements made by Defendants to Plaintiff that Defendants did own such stock were false when made.

Counsel has 14 days from the date of service of this Court's Report and Recommendation to file objections with the Honorable George M. Marovich. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

E N T E R:

Dated: December 10, 2013

*[signature: Mary M Rowland]*

MARY M. ROWLAND
United States Magistrate Judge